IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BREANNE WALDEN, DANIELLE DESCHENES AZURE, JESSICA BLACKWEASEL, SABRINA REMUS COYNE, BRITTANY DEAN, JENNIFER DEMENT, DANIELLE DUNCAN, JACKIE GREAVU, BETH HAYES, JANA HEILIG, KEALLIE LIETZ, JACKIE MULLENNAX, SARA ONSAGER, ANNA RADFORD, BARBARA SLOAN, MOLLY STILSON, and KYRA TILSON, Individually and as Assignees of DB&D, LLC (d/b/a DAHL'S COLLEGE OF BEAUTY), <br><br> Plaintiffs, <br><br> vs. <br><br> MARYLAND CASUALTY COMPANY, and DOES 1-5, inclusive, <br><br> Defendants. | CV 13–222–M–DLC <br><br> ORDER |

Before the Court are five discovery and evidentiary motions: (1) Defendant Maryland Casualty Company's ("Maryland") motion to compel discovery responses (Doc. 19); (2) Plaintiffs' motion in limine to exclude improper expert opinions (Doc. 32); (3) Maryland's motion for a protective order (Doc. 39); (4)

Maryland's motion in limine to exclude Plaintiffs' insurance bad faith expert (Doc. 58); and (5) Maryland's unopposed motion to set a status conference (Doc. 60).

Through a series of substantive motions, the Court has narrowed this case down to the issues of coverage for Plaintiffs' bodily injury claims under the Maryland commercial general liability ("CGL") insurance policy and the extent of damages, if any, resulting from those claims. The issues of bad faith and punitive damages, the propriety of Maryland's claims handling procedures, its duty to defend, and its duty indemnify are simply no longer in play. Plaintiffs therefore have no need for and are not entitled to information regarding Maryland's financial standing. Likewise, neither party will be permitted to put on evidence related to the above foreclosed issues. Consequently, the Court grants Maryland's motion for a protective order precluding discovery into the matters contained in Plaintiffs' third set of discovery requests to Maryland. (Doc. 40-1.) Furthermore, the Court grants the parties' cross-motions in limine to exclude expert testimony regarding bad faith and claims handling. Maryland's unopposed motion for a status conference is also granted; the details of that conference are explained below.

This leaves Maryland's motion to compel Plaintiffs' discovery responses,

which, for the following reasons, the Court grants.

**BACKGROUND**

This is an insurance coverage action arising out of a dispute between Dahl's College of Beauty ("Dahl's"), a cosmetology school in Great Falls, Montana, and a number of its former students. Maryland insured Dahl's under a CGL insurance policy during the time Plaintiffs allege Dahl's staff committed a number of inappropriate, wrongful acts. Maryland initially denied coverage and a defense for Dahl's, but changed its position and accepted Dahl's tender of a defense after Plaintiffs alleged physical manifestations of the emotional distress Dahl's staff caused them. Shortly after Maryland accepted the tender, Dahl's and Plaintiffs entered a consent judgment, and Dahl's assigned its rights under the policy to Plaintiffs. When Maryland refused to pay the value of the consent judgment, Plaintiffs filed this suit. The Court has ruled to date that: (a) Maryland did not breach its duty to defend or indemnify under the policy, (b) Maryland did not violate the Montana Unfair Trade Practices Act ("UTPA"), Montana Code Annotated § 33-18-101 et seq., (c) Maryland is not liable for the consent judgment, and (d) by implication, Maryland is not liable for punitive damages.

The Court entered a scheduling order in this case on March 13, 2014. The order set a discovery deadline of December 15, 2014, a motions deadline of

January 30, 2015, and a motions in limine deadline of February 19, 2015. The order set a jury trial in this matter for March 23, 2015.

## ANALYSIS

Maryland moves the Court for an order compelling Plaintiffs to respond to its first set of interrogatories and requests for production, served on Plaintiffs on June 24, 2014, which generally seek information related to potential coverage for Plaintiffs' claims under the CGL policy. Maryland also seeks its costs and attorney fees incurred for bringing the motion. Plaintiffs respond that, because Maryland breached its duties under the policy, Maryland is not entitled to challenge coverage for Plaintiffs' injuries and therefore not entitled to information supporting that challenge. Maryland filed this motion in September 2014, prior to the Court's various orders narrowing the scope of this lawsuit. Considering that the sole remaining issue in this case is the coverage question, Maryland is entitled to discover information responsive to the issue.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," and that a "court may order discovery of any matter relevant to the subject matter involved in the action." The information sought need not be admissible, so long as it "appears reasonably calculated to lead to the

discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[P]re-trial discovery is ordinarily accorded a broad and liberal treatment[,] . . . based on the general principle that litigants have a right to every man's evidence . . . and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (citations and internal quotation marks omitted).

Pursuant to Rule 37(a)(3)(B), "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if the opposing party fails to respond to an interrogatory or to produce documents or materials for inspection. "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DLJ Mortg. Capital, Inc., v. Lemon Creek Ranch, LLC*, CV 12-55-BU-DLC, slip op. at 2-3 (D. Mont. 2012) (citations omitted). "Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified." *Id*. at 3 (citations omitted).

Plaintiffs' objections to Maryland's coverage and damage-based interrogatories sound in the posture of the case prior to the Court's rulings, do not reflect the current state of this litigation, and therefore do not carry Plaintiffs'

burden in resisting Maryland's motion to compel. Maryland's interrogatories seek information regarding Plaintiffs' enrollment and course of study at Dahl's, the instructors with whom Plaintiffs made contact, the nature and extent of the injuries suffered due to Dahl's staff conduct, any treatment Plaintiffs have received or providers they have seen regarding those injuries, as well as other commonly-sought, basic information about Plaintiffs' and their life histories. (Doc. 20-1.) Plaintiffs, with slight exception, respond as follows to nearly every interrogatory:

> Objection. The present action implicates the following issues: whether insurance coverage exists under the Maryland Casualty Company policy for Plaintiffs' underlying claims, whether Maryland Casualty Company breached its duties to defend and indemnify Dahl's against Plaintiffs' underlying claims, whether Maryland Casualty violated Montana's Unfair Trade Practices Act in the manner in which it handling the underlying claims, and whether Plaintiffs are entitled to recover punitive damages as a result of Maryland Casualty Company's conduct. This Interrogatory seeks information which is not relevant to any of the issues implicated in the present action. Maryland Casualty Company had an opportunity to litigate the underlying claims and, instead, denied coverage and a defense to its insured.

(Doc. 20-2, passim.) In their brief opposing Maryland's motion to compel, Plaintiffs justify the above response by claiming that "[n]o third-party bad faith claim is pled" and that they "stand in the shoes of Dahl's and make no individual damage claims." (Doc. 24 at 2.) This is no longer an accurate statement – this

case more closely resembles a third-party coverage action than a first-party bad faith claim, at this point, and, notwithstanding the coverage question itself, Plaintiffs' potential damages are squarely at issue. As Maryland notes in its more recent motion for a status conference, "[i]f this case is to proceed on the issue of the nature and extent of [Plaintiffs' damages, if any, resulting from their bodily injury claim, Maryland . . . is entitled to pursue discovery regarding those claims, which it has heretofore been prevented from doing." (Doc. 61 at 4.) The Court agrees, and accordingly grants Maryland's motion to compel.

However, the Court also recognizes that Plaintiffs' may object to Maryland's propounded discovery on other grounds, which may or may not have been asserted in their initial responses.[1] The Court anticipates that, during the upcoming status conference, the parties may request additional time in which to complete discovery, and to file additional motions. If so, the parties will have the opportunity to confront any remaining discovery appropriately.

As to Maryland's request for costs and attorney fees incurred for bringing the motion to compel, the Court finds that Plaintiffs' objections and responses to

---

1. Indeed, the Court notes that Plaintiffs' asserted, albeit broadly, privilege and work product objections in several of their initial responses, in addition to the blanket objection excerpted above. Maryland does not seek such protected information, and the Court's order here in no way compels Plaintiffs to produce such information or precludes a good faith assertion of privilege going forward.

Maryland's discovery requests were "substantially justified" under Rule 37(a)(5)(A)(ii) to preclude such a sanction. Discovery conduct may be "substantially justified" if there exists a "genuine dispute" as to the propriety of the discovery requested, or if "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) and Charles Alan Wright et al., *Federal Practice and Procedure* vol. 8B, § 2288 (3d ed., West 2014)). Given the nature of the case at the time Maryland filed the motion, reasonable people could differ as to the extent to which a similarly situated plaintiff would need to respond to the propounded discovery requests.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to compel discovery responses (Doc. 19) is GRANTED. Defendant's associated motion for costs and attorney's fees is DENIED.

(2) Plaintiffs' motion in limine to exclude improper expert opinions (Doc. 32) is GRANTED.

(3) Maryland's motion for a protective order (Doc. 39) is GRANTED.

(4) Maryland's motion in limine to exclude Plaintiffs' insurance bad faith

expert (Doc. 58) is GRANTED.

(5) Maryland's unopposed motion to set a status conference (Doc. 60) is GRANTED.

(6) The current scheduling order (Doc. 9) is VACATED.

IT IS FURTHER ORDERED that the Court will conduct a telephonic status conference in this matter on **March 3, 2015 at 11:00 a.m.** for the purpose of issuing a new scheduling order. The Court will contact the parties regarding call-in procedures prior to the conference. The parties shall confer and, on or before February 26, 2015, jointly propose specific dates to complete discovery and file additional motions, and general dates when the parties would be prepared to try this case. In this connection, the undersigned is desirous that this case be completed within 6 months from the date of this order.

DATED this 17th day of February, 2015.

Dana L. Christensen, Chief District Judge
United States District Court