FILED
OCT 0 7 2015
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BREANNE WALDEN, DANIELLE DESCHENES AZURE, JESSICA BLACKWEASEL, SABRINA REMUS COYNE, BRITTANY DEAN, JENNIFER DEMENT, DANIELLE DUNCAN, JACKIE GREAVU, BETH HAYES, JANA HEILIG, KEALLIE LIETZ, JACKIE MULLENNAX, SARA ONSAGER, ANNA RADFORD, BARBARA SLOAN, MOLLY STILSON, and KYRA TILSON, Individually and as Assignees of DB&D, LLC (d/b/a DAHL'S COLLEGE OF BEAUTY),<br><br>Plaintiffs,<br><br>vs.<br><br>MARYLAND CASUALTY COMPANY, and DOES 1-5, inclusive,<br><br>Defendants. | CV 13–222–M–DLC<br><br>ORDER |

Before the Court is Defendant Maryland Casualty Company's ("Maryland") motion for summary judgment as to coverage for Plaintiffs' alleged bodily injuries under the commercial general liability ("CGL") insurance policy at issue in this case. For the reasons set forth below, the Court grants Maryland's motion and closes this case.

The Court has on numerous occasions described the facts giving rise to this matter, and will not do so again here. The only remaining issue in this case is whether the CGL policy issued by Maryland to Dahl's School of Beauty ("Dahl's"), defendant in the case underlying this declaratory action, provides coverage for Plaintiffs' alleged bodily injuries. The Court has previously recognized that Maryland timely accepted a defense of Plaintiffs' claims against Dahl's, and that Maryland did not breach its duty to indemnify Dahl's because coverage for Plaintiffs' alleged bodily injuries has not been established.

Plaintiffs alleged the following in the underlying action: (a) "they paid tuition and were enrolled as students of [Dahl's] until they were expelled"; (b) "they were expelled from [Dahl's] after filing internal or external complaints of unprofessional conduct by instructors, sexual harassment, occupational health and safety, violations of internal policies and procedures, violations of licensing rules and regulations, curriculum and instruction complaints, and failure to conform to National Accrediting Commission of Career Arts & Sciences standards"; (c) "Dahl's abruptly expelled . . . Plaintiffs without cause or valid reason and kept the fees and tuition paid for admission and attendance"; and, (d) "Dahl's failed to follow internal policies and procedures for the expulsion of . . . Plaintiffs and failed to provide expulsion hearings as required." (Doc. 23 at 2-3.) As a result of

this alleged conduct, Plaintiffs claim bodily injuries, as described in their August 2013 expert disclosure:

> [Plaintiffs] suffered physical manifestations of emotional distress. Physical manifestation is the bodily response to negative emotion. The physical manifestations reported are somewhat varied in intensity and longevity. At a minimum, the women reported feeling nauseous or sick when they knew they had to go into school. This is a common response [to] fear or strain. Bodily response to anger is reported as a quickening of the heartbeat, flushed skin and shortness of breath. These are common responses and meet the criteria for physical manifestation of emotional distress based on the information that has been provided to me. Some of the more extreme physical responses to the emotional distress include panic attacks, bouts of deep depression, onset/increase of migraine headaches, vomiting, weight gain, weight loss, and insomnia. A number of [Plaintiffs] reported feeling hopeless and helpless, a feeling that is often described commonly as depressed. They felt they had lost their will to go on.
>
> In conclusion, it is my opinion that, based on a reasonable degree of professional certainty, each of the students suffered emotional distress and the physical manifestation of such distress in one form or another.

(Doc. 36 at 14 (citations omitted).) The question of whether the CGL policy covers these alleged injuries turns on the nature of the conduct claimed to have caused them.

The Court begins with a review of two key terms of the CGL policy at issue.

The policy provides coverage for "bodily injury" caused by an "occurrence." (Doc. 50-2 at 33, 35.) "Bodily injury" refers to "bodily injury, sickness or disease sustained by a person . . . includ[ing] mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease." (*Id.* at 33.) An "occurrence" under the policy "means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at 35.)

Whether coverage exists for a particular loss under an insurance policy is a narrower question than that of the duty to defend. "Unlike an insurer's duty to defend, which arises when a complaint against an insured alleges facts, which if proven, would result in coverage, an insurer's duty to indemnify arises only if coverage under the policy is actually established." *State Farm Mut. Auto Ins. Co. v. Freyer*, 312 P.3d 403, 410 (Mont. 2013) (citations, quotations, and alterations omitted). "An insurer thus breaches the duty to indemnify by failing to provide coverage when (1) the established facts trigger coverage under the terms of the policy, and (2) the extent of the claimant's damages are undisputed or clearly exceed policy limits." *Id.* at 411. "'Established facts' in this context are facts that are either undisputed or are initially disputed but subsequently determined by the fact finder." *Id.*

When evaluating coverage pursuant to the above definition of "occurrence," "the proper focus is on whether [the insured's] deliberate operation . . . is covered – not whether [the insured] intended the resulting damages allegedly stemming from the operation." *Blair v. Mid-Continent Cas. Co.*, 339 Mont. 8, 12 (Mont. 2007); *see Landa v. Assurance Co. of Am.*, 307 P.3d 284, 289 (Mont. 2013) ("[W]e do not look to whether [the insured] intended the specific harm or damages that [the claimant] alleged. Instead, we must focus on the [insured's] acts . . . ."); *RQR Development, LLC v. Atlantic Cas. Ins. Co.*, 2014 WL 6997935 at *3 (D. Mont. Dec. 10, 2014).

There is no material factual dispute that the Dahl's defendants' conduct was intentional, volitional, and not a covered occurrence. Plaintiffs allege that the Dahl's defendants failed to instruct them as promised, cheated them out of their tuition, made inappropriate comments and unsavory esthetic demands, and generally harassed them during their time at the school. Though Plaintiffs' collective emotional distress, and the physical manifestations accompanying it, was likely unforeseen and unintended by the Dahl's defendants, that is simply not the focus of the coverage analysis. As a matter of Montana insurance law, there is no coverage for Plaintiffs' alleged injuries because they stem from purposeful, albeit distasteful, acts on the part of the Dahl's defendants.

Accordingly, IT IS ORDERED that Maryland's motion for summary judgment (Doc. 65) is GRANTED. IT IS FURTHER ORDERED that all other motions are DENIED AS MOOT. The clerk shall enter judgment in favor of Defendant and against Plaintiffs. This case is CLOSED.

DATED this 7th day of October, 2015.

Dana L. Christensen, Chief Judge
United States District Court