FILED

NOV 3 0 2018

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BREANNE WALDEN, DANIELLE DESCHENES AZURE, JESSICA BLACKWEASEL, SABRINA REMUS COYNE, BRITTANY DEAN, JENNIFER DEMENT, DANIELLE DUNCAN, JACKIE GREAVU, BETH HAYES, JANA HEILIG, KEALLIE LIETZ, JACKIE MULLENNAX, SARA ONSAGER, ANNA RADFORD, BARBARA SLOAN, MOLLY STILSON, and KYRA TILSON, Individually and as Assignees of DB&D, LLC (d/b/a DAHL'S COLLEGE OF BEAUTY), Plaintiffs, vs. MARYLAND CASUALTY COMPANY, and DOES 1-5, inclusive, Defendants. | CV 13–222–M–DLC ORDER |

Before the Court is Defendant Maryland Casualty Company ("Maryland")'s Motion for Partial Summary Judgment. (Doc. 155.) Because the claims for which Maryland seeks summary judgment are covered by the operative insurance policy's School Liability Endorsement, the motion is denied.

-1-

## BACKGROUND AND PROCEDURAL HISTORY

As discussed more fully in this Court's Order of May 4, 2018, denying Maryland's motion for summary judgment, this case is a declaratory judgment action regarding whether the commercial general liability policy issued by Maryland provides coverage to Plaintiffs for tort claims against Dahl's College of Beauty and its member-owners (collectively, "Dahl's"). (Doc. 153.) The only remaining issue in this case concerns coverage for bodily injury claims arising from the unintended and unexpected results of Dahl's intentional conduct. (*See* Docs. 97 at 5; 101 at 2; 131 at 15–18 & n.2).

## LEGAL STANDARD

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). In ruling on a motion for summary judgment, a court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he judge's function is not himself to weigh the evidence and determine the

truth of the matter but to determine whether there is a genuine issue for trial."
*Anderson*, 477 U.S. at 249.

## DISCUSSION

State law governs insurance coverage disputes. *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999). The interpretation of an insurance contract is a question of law. *Babcock v. Farmers Ins. Exch.*, 999 P.2d 347, 348 (Mont. 2000). "If the language of a policy is clear and explicit, the policy must be enforced as written." *Nat'l Farmers Union Prop. & Cas. Co. v. George*, 963 P.2d 1259, 1261 (Mont. 1998). "Ambiguities are construed against the insurer and exclusions are construed narrowly because they are contrary to the fundamental protective purpose of insurance policies." *Id.*

Maryland asks the Court to grant it judgment on claims for bodily injury arising from: (1) a bad pedicure given to Kyra Tilson by another student during the course of that student's cosmetological instruction; (2) Sara Onsager's loss of hair as a result of hair coloring and bleaching procedures performed by instructor Morgan Heikkila; and (3) Breanne (Walden) Grubb's loss of hair following a highlighting procedure performed by another student under the direction of Heikkila. Initially, Maryland argued that partial summary judgment is appropriate because the policy excludes coverage for professional services and instruction.

-3-

In reply to Plaintiffs' response brief, however, Maryland concedes that two endorsements, the "School Liability Extension Endorsement" and the "Barbers and Beauticians Professional Liability Endorsement," override the professional services and instruction exclusion. (Doc. 161 at 2–3.) In spite of its concession, Maryland continues to advocate for partial summary judgment. Maryland contends that "the professional services exclusion eliminated by the School Liability Extension Endorsement is replaced by the Barbers and Beauticians Professional Liability Endorsement." (Doc. 161 at 3.) The latter endorsement covers only negligent, rather than intentional, conduct, and—as this Court and the Ninth Circuit have noted—Plaintiffs' underlying claims are brought only under intentional tort theories. (*See, e.g.*, Docs. 97 at 5; 101 at 2; 131 at 15–18 & n.2.) Maryland argues that Plaintiffs cannot find coverage for their claims in the policy because they do not fall under the Barbers and Beauticians Professional Liability Endorsement.

The Court disagrees. The two endorsements do not operate to *replace* the exclusion. Rather, the School Liability Extension Endorsement renders the exclusion inapplicable as to the instruction or supervision of students, and the Barbers and Beauticians Professional Liability Endorsement adds an additional, separate grant of coverage. As Maryland recognizes, the School Liability

Extension Endorsement eliminates the exclusion that Maryland initially relied upon. This endorsement provides that the professional services exclusion "does not apply to instruction or supervision of students by [Dahl's] 'employees.'" (Doc. 50-3 at 4.)

Thus, whether coverage exists under the Barbers and Beauticians Professional Liability Endorsement is beside the point. There is coverage under the policy for "occurrences" arising from the instruction or supervision of students by Dahl's employees under the School Liability Endorsement, regardless of whether such instruction and supervision fall within the scope of the Barbers and Beauticians Professional Liability Endorsement. All of the claims for which Maryland seeks partial summary judgment fall under the School Liability Endorsement. Construing the facts in favor of the non-moving party, Tilson lost her toenails as a result of the school's failure to adequately teach her classmate how to perform a pedicure. Onsager's hair loss resulted, at least in part, from her instructor using her as a model in order to teach the class how to lighten hair without bleach. And, for her part, Grubb lost her hair because of her instructor's failure to instruct and supervise her classmate during a hair bleaching procedure. Plaintiffs do not need the Barbers and Beauticians Professional Liability Endorsement to find coverage for their claims.

-5-

What is more, the conduct discussed in Maryland's brief—two bad dye jobs and a bad pedicure—would, in fact, give rise to a cause of action based on negligence and would therefore fall under the Barbers and Beauticians Professional Liability Endorsement. However, this determination necessarily raises a separate issue, that of the relevance of injuries caused by negligent rather than intentional conduct. Because it is not properly before the Court, the Court will not grant partial summary judgment on this (or any) ground, but—in the interest of judicial economy—the Court takes advantage of this opportunity to remind the parties that Plaintiffs did not bring a claim for negligence against Dahl's, and the Court will not allow evidence or argument regarding negligence at trial. (*See* Docs. 97 at 5 ("There is no material factual dispute that the Dahl's defendants' conduct was intentional[ and] volitional."); 101 at 2 (decision by Ninth Circuit noting that "plaintiffs complained of only intentional acts"); 131 at 15–18 (granting motion in limine to exclude evidence and argument of negligence).) The *only* remaining issue, as Plaintiffs note in their brief, is whether and to what extent Plaintiffs suffered bodily injury as a result of the conduct alleged in Count I of the underlying complaint. (Doc. 159 at 3; *see also* Doc. 131 at 15–18 & n.2.)

Accordingly, IT IS ORDERED that Defendant Maryland's Motion for Partial Summary Judgment (Doc. 155) is DENIED.

DATED this 30th day of November, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court