IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BREANNE WALDEN, DANIELLE DESCHENES AZURE, JESSICA BLACKWEASEL, SABRINA REMUS COYNE, BRITTANY DEAN, JENNIFER DEMENT, DANIELLE DUNCAN, JACKIE GREAVU, BETH HAYES, JANA HEILIG, KEALLIE LIETZ, JACKIE MULLENNAX, SARA ONSAGER, ANNA RADFORD, BARBARA SLOAN, MOLLY STILSON, and KYRA TILSON, Individually and as Assignees of DB&D, LLC (d/b/a DAHL'S COLLEGE OF BEAUTY),<br><br>Plaintiffs,<br><br>vs.<br><br>MARYLAND CASUALTY COMPANY, and DOES 1-5, inclusive,<br><br>Defendants. | CV 13-222-M-DLC<br><br>ORDER |

-1-

Before the Court is Defendant Maryland Casualty Company ("Maryland")'s Motions in Limine.[1] (Doc. 164.) Maryland seeks to exclude seven categories of evidence from trial:

- Motion in Limine 1: Undisclosed expert opinions, including but not limited to opinions concerning causation by treating providers for whom required expert disclosures have not been provided;
- Motion in Limine 2: Testimony by Plaintiffs and lay witnesses as to medical causation;
- Motion in Limine 3: "Golden rule" and "reptile theory" arguments;
- Motion in Limine 4: Reference to the parties' financial condition;
- Motion in Limine 5: Evidence of emotional distress caused by third parties;
- Motion in Limine 6: Evidence of a purported or real intimate relationship between Morgan Heikkila and Philip Belangie; and
- Motion in Limine 7: Evidence of symptoms or emotional reactions that do not constitute bodily injury or physical manifestations thereof.

The Court grants the motions in part and denies the motions in part.

## DISCUSSION

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or

---

[1] The Court has already ruled on prior motions in limine filed on behalf of both Maryland and Plaintiffs. (*See* Docs. 130, 131.) At issue here are the motions in limine filed July 6, 2018.

-2-

weigh evidence." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010). Evidence shall be excluded in limine only when it is shown that the evidence is "inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N. D. Ohio -3 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *BNSF*, 2010 WL 4337827 at * 1. "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* Rulings on motions in limine are provisional and the trial judge may always change his mind during the course of trial. *Luce v. United States*, 469 U.S. 38, 41 (1984).

## I. *Motion in Limine 1*: Undisclosed expert opinions

Maryland asks the Court to exclude undisclosed expert opinions, particularly (but not exclusively) causation opinions from Plaintiffs' treating doctors. Maryland refers to the Court's initial scheduling order (Doc. 9), which explains the difference in disclosure requirements for expert and treating physicians. As discussed in that order, "[i]f [a] treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery

-3-

requirements of Fed. R. Civ. P. 26(a)(2)(B)." (Doc. 9 at 9–10.) Plaintiffs counter that: (1) the Court's order denying Plaintiffs' earlier motions in limine (Doc. 130) forecloses Maryland's argument; and (2) the anticipated testimony *is* tied to the treating physician's care, treatment, and prognosis.

Plaintiffs have the better argument. The Court has already addressed this issue twice in this case—broadly in the scheduling order (Doc. 9 at 9–10) and specifically in the order denying Plaintiffs' motions in limine (Doc. 130 at 3–5). Upon proper objection by Maryland at trial, the Court will exclude causation testimony by Plaintiffs' treating physicians unless it falls within the scope of proper treating physician testimony. *See St. Vincent v. Werner Enters., Inc.*, 267 F.R.D. 344, 345 (D. Mont. April 2, 2010) ("If properly based on personal knowledge, history, treatment of the patient, and facts of his or her examination and diagnosis, then the treating physician may give an opinion as to the cause of the injury or degree of the injury in the future."); *accord Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) ("[W]e . . . hold that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment.").

At this stage of litigation, the Court denies Maryland's motion in limine, as it lacks information necessary to determine exactly how Plaintiffs' treating physicians will testify. However, the Court simultaneously reinforces the general principles outlined in its earlier orders and in the cases cited above. Plaintiffs' physicians may opine about causation to the degree that their opinions are directly related to Plaintiffs' treatment, and they may not offer causation opinions informed by "information . . . that they hadn't reviewed during the course of treatment." *Goodman*, 644 F.3d at 826. Thus, the treating physicians are not strictly limited by their own treatment records, as Maryland contends, but they are limited to offering opinions directly informed by their records and recollections of treatment. If there is any dispute at trial regarding the propriety of Plaintiffs' treating physicians' testimony, the Court will rule on the relevant objections at that time.

**II.** *Motion in Limine 2*: **Lay witness testimony as to medical causation**

Maryland offers a related argument as to its second motion in limine, through which it asks the Court to exclude all testimony by lay witnesses—particularly Plaintiffs themselves—regarding medical causation. Citing to deposition testimony in which individual plaintiffs were asked (and responded to) questions regarding the origins of various emotional and physical maladies, Maryland raises a concern that Plaintiffs will attempt to introduce similar

-5-

testimony at trial. Plaintiffs do not contend that such testimony would be admissible; rather they "agree with [the] general notion [that] . . . the Court should hold all parties to the foundational requirement necessary to introduce expert opinions." (Doc. 169 at 5.) Plaintiffs argue, however, that some of the evidence may be admissible to demonstrate the existence of bodily injury and the amount of Plaintiffs' damages.

Because the motion is unobjected-to in relevant part, and because the Court agrees that Plaintiffs and other lay witnesses lack the foundation necessary to offer medical causation evidence, the Court grants the motion. This is not to say that some of the evidence cannot be introduced under an alternate theory but only that lay witnesses may not offer expert testimony.

### III. *Motion in Limine 3*: The "golden rule" and "reptile theory"

Maryland seeks to exclude what it terms "reptile theory" arguments and evidence, classifying "golden rule" arguments as a subcategory of reptile theory arguments. (Doc. 165 at 17-29.) According to Maryland, reptile theory arguments are designed to inflame the passions of jurors by pushing the jurors' brains into survival mode, overriding the jury's ability to reach a dispassionate, logical verdict. Golden rule arguments are those that ask the jury to step into the shoes of the victim instead of making an objective decision. Plaintiffs agree that

-6-

"the Court should not permit either side to argue traditionally impermissible golden rule arguments." (Doc. 169 at 6.)

The Court grants the motion in part and denies the motion in part. The Court grants the motion as to the use of golden rule arguments that "strike at the sensitive area of financial responsibility and . . . hypothetically request the jury to consider how much they would wish to receive in a similar situation." 75A Am. Jur. 2d *Trial* § 540 (updated Nov. 2018). The Court denies the motion as to the so-called reptile theory. The Court will not categorically prohibit a form of trial strategy, particularly given the absence of any reason to believe that reptile theory is likely to rear its head here (or that the Court would be able to identify it if it did).

### IV. *Motion in Limine 4*: The parties' financial condition

Maryland argues that the Court should prohibit any reference to the parties' financial condition. Plaintiffs do not broadly object, asserting that they "will not offer evidence of Maryland Casualty's financial status." (Doc. 169 at 8.) However, Plaintiffs argue that, in keeping with this Court's order on Maryland's earlier motions in limine (Doc. 131 at 18–20), they may offer evidence "about losing tuition money and loans in the context previously addressed by the Court," (Doc. 169 at 9).

-7-

The Court grants the motion in part and denies it in part. As Plaintiffs concede, evidence of the parties' relative financial status is irrelevant and improper. However, to the degree that loss of tuition money is relevant to Plaintiffs' theories supporting their claims for bodily injury, that evidence is partially admissible, as this Court has already ruled. (Doc. 131 at 18–20.) Maryland's position that bodily injury can never arise from financial loss is unavailing, as Montana has clearly interpreted "bodily injury" to include "physical manifestations arising from a mental injury or sickness," with no limitation on the allowable causes of any such injury. *Allstate Ins. Co v. Wagner-Ellsworth*, 188 P.3d 1042, 1051 (Mont. 2008).[2]

## V.  *Motion in Limine 5*: Evidence of injury caused by third parties

Maryland asks the Court to exclude evidence of injury "caused by third-parties as a result of [Plaintiff's] experiences at Dahl's." (Doc. 165 at 22.) Plaintiffs contend that they "are not seeking damages for conduct attributable to unrelated third parties" but rather that third parties were involved in what Plaintiffs

---

[2] The District of Montana cases cited by Maryland are immediately distinguishable. In *Conley v. American States Insurance Co.*, the Court's review was confined to the question of whether the underlying complaint put the insurance company on notice of the plaintiff's claim for bodily injury sufficient to trigger the duties to defend and indemnify. 2011 WL 13193258 (D. Mont. June 13, 2011). And *King v. State Farm Fire & Casualty Co.* involved Montana's earlier interpretation of "bodily injury" as exclusive of "emotional injuries or the physical manifestations of emotional injuries." 2010 WL 1994708, at *5 (D. Mont. May 18, 2010).

classify as "the fall-out from Dahl's actions and omissions." (Doc. 169 at 10–11.) The Court reserves ruling on this motion. In weighing the admissibility of such evidence, the Court will determine whether there is a causal connection between Dahl's actions and any bodily injury suffered by any individual plaintiff.

## VI. *Motion in Limine 6*: Evidence of a relationship between Morgan Heikkila and Phillip Belangie

Maryland states that, in the course of discovery, "some of the plaintiffs have commented upon a purported intimate or improper relationship between [Dahl's owner Phillip] Belangie and [Dahl's instructor Morgan] Heikkila." (Doc. 165 at 25.) Maryland argues that any such evidence is improper character evidence under Federal Rule of Evidence 404 and should be excluded. Plaintiffs respond that, to the degree they will attempt to introduce such evidence, the evidence will be used to "show[] a failure to instruct, an indifference to student needs and complaints, preferential treatment, a motivating factor for ownership's treatment of the students, etc." (Doc. 169 at 11.)

The Court reserves ruling on this motion, although it agrees that Plaintiffs are not entitled to offer evidence of an inappropriate workplace relationship to rouse prejudice. The evidence may, however, be relevant to Plaintiffs' sole remaining claims for bodily injury arising from that conduct which may properly

be described as an occurrence under the insurance policy. The Court will address objections as they are made at trial.

VII. *Motion in Limine 7*: **Evidence of injuries other than bodily injury or physical manifestations of emotional distress**

Maryland seeks exclusion of evidence of mental and emotional distress unaccompanied by physical symptoms. Plaintiffs argue that the existence of injury is a question of fact for the jury. Plaintiffs have raised a question of fact regarding the existence of bodily injury, as discussed in the Court's order denying summary judgment dated November 29, 2017. (*See* Doc. 129.) Thus, Plaintiffs' position—that the remaining issue is a question of fact to be decided by the jury—is well-taken. The motion is denied, although the evidence will be inadmissible in the absence of proper foundation testimony.

Accordingly, IT IS ORDERED that Defendant Maryland's Motions in Limine (Doc. 164) are GRANTED IN PART and DENIED IN PART. This ruling is subject to reconsideration at trial.

DATED this 10th day of December, 2018.

Dana L. Christensen, Chief Judge
United States District Court